NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 10 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ELIZABETH SPOKOINY,

       Plaintiff - Appellant,

v.

UNIVERSITY OF WASHINGTON
MEDICAL CENTER,

       Defendant - Appellee.

No. 24-550

D.C. No.
2:22-cv-00536-JLR

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Argued and Submitted February 13, 2025
Seattle, Washington

Before: GOULD and NGUYEN, Circuit Judges, and BENNETT, District Judge.[**]

Elizabeth Spokoiny appeals the district court's order granting summary

judgment for her former employer, University of Washington Medical Center

("UWMC"). "A grant of summary judgment is appropriate when there is no

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Richard D. Bennett, United States District Judge for the District of Maryland, sitting by designation.

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Mayes v. WinCo Holdings, Inc.*, 846 F.3d 1274, 1277 (9th Cir. 2017). A fact is "material" if it has the potential to affect the outcome of a case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Spokoiny contends that a genuine issue of material fact exists as to each of the claims for which the district court granted summary judgment. We have jurisdiction under 28 U.S.C. § 1291. Having reviewed the briefs, record, and supplemental letters, we affirm. Because the parties are familiar with the facts and procedural history of the case, we recite only facts necessary to decide this appeal.

1.    **Title VII sexual harassment:** To prevail on a sexual harassment claim under Title VII, a plaintiff must demonstrate that the plaintiff was subjected to a hostile work environment and that the employer was liable for the harassment. *Fried v. Wynn Las Vegas, LLC*, 18 F.4th 643, 647 (9th Cir. 2021). An employer is liable for the harassment when the harassment constitutes the employer's own acts or when the employer fails to take "immediate and corrective action" in response to known harassment. *Id.* The district court dismissed Spokoiny's sexual harassment claim because, although Spokoiny produced evidence of sexual harassment, she did not demonstrate that UWMC knew of that harassment and failed to act. The record shows that the alleged sexual harasser resigned the day after the harassment was reported to UWMC. On appeal, Spokoiny did not

identify any record evidence contrary to the district court's finding. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (2003).

2. **Disparate treatment under Title VII and the Americans with Disabilities Act (ADA):** Disparate treatment claims under Title VII and the ADA are both governed by the *McDonnell Douglas* burden-shifting framework and require the same elements for a *prima facie* case: "(1) [the plaintiff] belongs to a protected class; (2) she was qualified for her position; (3) she was subject to an adverse employment action; and (4) similarly situated individuals outside her protected class were treated more favorably." *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008). "[A]n adverse employment action is one that 'materially affects the compensation, terms, conditions, or privileges of employment.' " *Campbell v. Hawaii Dep't of Educ.*, 892 F.3d 1005, 1012 (9th Cir. 2018) (quoting *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008)). The district court granted summary judgment for UWMC on Spokoiny's disparate treatment claims because Spokoiny did not identify an adverse employment action. Although Spokoiny contends that her low performance review from January 2020 was an adverse employment action, she did not identify or explain how that review changed any aspect of her employment. A low performance review standing alone, without impact on the compensation, terms, conditions, or privileges of employment does not amount to an adverse

employment action.

3.     **Retaliation claims:**  To establish a *prima facie* claim of retaliation, Spokoiny must demonstrate (1) that she engaged in protected conduct; (2) that she suffered an adverse employment action; and (3) that there is a causal link between the protected expression and the adverse action.  *See E.E.O.C. v. Dinuba Medical Clinic*, 222 F.3d 580, 586 (9th Cir. 2000) (applying retaliation framework in Title VII context).  Under the *McDonnell Douglas* framework, the burden then shifts to the employer to proffer a legitimate, non-discriminatory reason for the adverse action.  *See Villiarmo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 (9th Cir. 2002).  If the employer can do so, then the plaintiff must offer evidence that the proffered reason is pretext for discrimination.  *See Vasquez v. County of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003).

Assuming that Spokoiny demonstrated a *prima facie* case of retaliation, UWMC proffered a legitimate, non-discriminatory reason for the adverse action: Spokoiny had performance problems, such as with recordkeeping and tardiness. UWMC supported that contention with record evidence.  The burden shifted back to Spokoiny to demonstrate that UWMC's proffered reason was pretext.  *See Vasquez*, 349 F.3d at 641.  Spokoiny did not explain how or why UWMC's proffered reason was pretextual, nor did she identify any evidence so showing.  *See Washington*, 350 F.3d at 929 ("Our circuit has repeatedly admonished that we

cannot manufacture arguments for an appellant." (simplified)).

4. **Failure to accommodate claims under the ADA:** To prevail on a case for failure to accommodate under the ADA, a plaintiff must show that (1) she is disabled; (2) she is qualified for the relevant job and capable of performing it with reasonable accommodation; (3) the employer had notice of the plaintiff's disability; and (4) the employer failed to reasonably accommodate the plaintiff's disability. *See Samper v. Providence St. Vincent Med. Ctr.*, 675 F.3d 1233, 1237 (9th Cir. 2012). Although Spokoiny claimed that UWMC failed to accommodate her disability, she did not explain what accommodation was delayed or denied. The denial of a reasonable accommodation is an essential element of her claim for failure to accommodate.

5. **Family and Medical Leave Act (FMLA) interference:** To establish a *prima facie* case of FMLA interference, a plaintiff must establish that (1) she was eligible for FMLA protections; (2) her employer was covered by FMLA; (3) she was entitled to FMLA leave; (4) she provided sufficient notice of her intent to take leave; and (5) the employer denied her FMLA benefits to which she was entitled. *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1243 (9th Cir. 2004). The district court dismissed Spokoiny's claim because "Spokoiny fail[ed] to direct the court toward any specific instances of UWMC denying a request for FMLA leave." Although Spokoiny claims that she provided "over 20" instances

of FMLA leave interference, none of Spokoiny's record citations show the *denial* of FMLA leave. Instead, her record citations demonstrate instances in which UWMC *clarified* its FMLA policies. Because an employer is permitted to have policies around the implementation of FMLA leave, *see Shelton v. Boeing Co.*, 702 Fed.App'x. 567 (9th Cir. 2017) (citing *Bones v. Honeywell Int'l, Inc.*, 366 17 F.3d 869, 878 (10th Cir. 2004)); 29 C.F.R. § 825.303, UWMC's clarifications were not facial interference with FMLA leave.

6. **Unpaid wages:** Under Washington state law, an employee can seek lost wages if "the nonpayment of wages is conducted 'willfully and with intent to deprive the employee of any part of [her] wages.' " *Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044, 1050 (9th Cir. 1995) (quoting RCW 49.52.050(2)). Spokoiny contended that UMWC failed to pay her for missed meal breaks and failed to fairly compensate her for work as a preceptor. The district court dismissed her claim because she did not point to any evidence that UMWC's failure to pay was "willful." Spokoiny now contends that UMWC's actions were "willful" because she put UMWC on notice in a January 9, 2020 email about unpaid breaks and preceptor work. But Spokoiny admitted that she regularly failed to record her missed breaks or work as a preceptor. UMWC's refusal to pay the additional wages was therefore neither "willful" nor a "result of knowing and intentional action by the employer, rather than of a bona fide dispute as to the

obligation of payment." See *Brinson*, 53 F.3d at 1049–50. "Dismissal of such claims on summary judgment is permitted." *Id*.

7. **Violation of the Washington Public Record Act:** Spokoiny contends that UWMC violated the Washington Public Record Act by taking too long to produce requested records during discovery. The district court held that Spokoiny's claim fails because, in analyzing whether UMWC properly responded to a document request, the court looks at "[w]hether the agency responded with reasonable thoroughness and diligence." *Freedom Found v. Dep't of Soc. & Health Servs.*, 9 Wn. App. 2d 654 (Wash. Ct. App. 2019). Here, UMWC "timely acknowledged" Spokoiny's document requests and produced documents on a rolling basis. Although some record productions were slow, Spokoiny had made her document requests in the middle of the COVID-19 pandemic, when UWMC already had a backlog of records requests. Under the circumstances, this delay was not unreasonable. *See Conklin v. Univ. of Wash. Sch. of Med.*, 2023 Wash. App. LEXIS 7* (Wash. Ct. App. 2023).

**AFFIRMED.**